IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIAN ANDREW DAN,
 Plaintiff,

v.

CURRAN-FROMHOLD
CORRECTIONAL FACILITY,
 Defendant.

FILED
MAY 14 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

CIVIL ACTION NO. 18-CV-1972

MEMORANDUM

QUIÑONES ALEJANDRO, J.             MAY 14, 2018

Plaintiff Julian Andrew Dan brings this action pursuant to 42 U.S.C. § 1983 based on the conditions at the Curran-Fromhold Correctional Facility ("CFCF"), where he was recently incarcerated. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Dan leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing an amended complaint.

I.   FACTS

Dan's claims arise out of his allegation that CFCF was overcrowded during his incarceration there from April 27, 2015 through December 9, 2016. Specifically, he alleges that he "was placed in a 3 man cell which provided no space for living. The cell was 8x6 and there was also a bed on the floor right next to the toilet." (Compl. at 3.) Dan also contends that he was "placed in solitary confin[e]ment where [he] could take a shower once every other day. The days [he] didn't take a shower, [he] was confined in the cell the whole day without any mandatory rec time." (*Id.*) He asserts that he has "minor back pain," and asks for "some kind of settlement check for each day [he] was confined in a 3 man cell ranging from 75 dollars to 100 dollars for each day." (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant Dan leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). As Dan is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Dan has named the CFCF as the sole Defendant in this action. His claims against the facility, however, must be dismissed because CFCF "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person'

2

that is subject to suit under federal civil rights laws."). Accordingly, Dan cannot maintain his § 1983 claim against CFCF.

Dan's claims also fail substantively. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Dan's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at158.

Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Instead, in assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard II*, 538 F.3d at 235; *Nami v.*

3

*Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

At most, Dan asserts that he was confined with two other inmates in 8x6 cells for approximately one year and seven months. Without more, his sparse allegations fail to state a claim because they do not plausibly establish that the conditions of confinement at CFCF amounted to punishment or deprived him of any basic human need such as food, medical care, sanitation, or security. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Although Dan alleges that he has "minor back pain," the Complaint does not establish how that ailment relates to the conditions of his confinement. Nor does Dan allege that he was denied treatment for his condition. Thus, Dan's Complaint fails to state a claim with respect to his allegations of overcrowding.

Likewise, Dan's sparse allegations regarding his time in solitary confinement fail to state a claim. As noted above, Dan claims that while in solitary confinement, he was only allowed to shower every other day. (Compl. at 3.) This, however, is not a constitutional violation. *See*

*Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) (finding no constitutional violation where the prisoner was denied access to shower facilities two days each week); *Miller v. Trometter*, No. 4:11-cv-811, 2012 WL 5933015, at *10 (M.D. Pa. Nov. 27, 2012) (citing *Tapp* to conclude that prisoner had failed to state a claim with respect to allegation that he was only allowed to shower every other day). Dan also contends that on days when he was not allowed to shower, he "was confined in the cell the whole day without any mandatory rec time." (Compl. at 3.) While "meaningful recreation 'is extremely important to the psychological and physical well-being of . . . inmates,'" *Peterkin v. Jeffes*, 855 F.2d 1021, 1031 (3d Cir. 1988) (quoting *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979)), nothing in the Complaint suggests that the lack of recreation time amounted to punishment or that it threatened Dan's health. *See French v. Owens*, 77 F.2d 1250, 1255 (7th Cir. 1985) (concluding that lack of exercise may rise to a constitutional violation only if the deprivation is such that "movement is denied [to such extent that] muscles are allowed to atrophy [and] the health of the individual is threatened"). Thus, as pled, the Complaint fails to state a claim regarding the conditions Dan endured while in solitary confinement.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Dan's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Dan filing an amended complaint in the event he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
NITZA I. QUIÑONES ALEJANDRO, J.